IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-08-328-1 |
| | § | |
| PEDRO GIL III | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    [ ]   an offense for which the maximum sentence is life imprisonment or death.

    [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

    [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

   [X] (1) There is probable cause to believe that the defendant has committed an offense

   [X]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
   (X) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   under 18 U.S.C. § 924(c).

   [X] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [X] (1) Defendant is accused of conspiracy and aiding and abetting possession with intent to distribute 5 kilograms or more of cocaine and money laundering.

   [X] (2)  There is a serious risk that the defendant will flee.

   [X] (3)   Defendant represents a danger to the community.

   [ ] (4)   There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1)   As a condition of release of the defendant, bond was set as follows:

   [ ] (2)

   [X] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

I find that the accusations in the indictment, the information submitted in the Pretrial Services Agency report, and evidence at the hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as

required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 37 year old United States citizen born in Laredo, Texas. Defendant's parents and 6 step-siblings reside in Laredo. He has two children ages 19 and 20 from a prior relationship who reside in Texas. He has four children ages 7, 9, 13, and 15 with his current wife. His wife is incarcerated on money laundering charges in this same case.

2. Defendant owns a car wash in Laredo from which he earns $2,000 per month, and two months ago started a business selling motorcycles and ATVs that makes $8,000 per month. Defendant and his wife own substantial property, including a home appraised at $290,120 and another appraised at $582,780. Twelve cars are registered in their names.

3. Defendant is charged with drug trafficking crimes in violation of 21 U.S.C. §§ 841 and 846, and money laundering in violation of 18 U.S.C. § 1956. He faces a potential penalty of up to life in prison.

4. Defendant has a criminal history including assault, attempted murder, and aggravated assault. He is affiliated with the criminal organization Hermanos de Pistoleros Latinos, or HPL.

5. Evidence at the detention hearing indicates that defendant played a major role in the drug trafficking scheme alleged in the indictment. The evidence of a wide-spread drug conspiracy was particularly heavy, consisting of numerous wiretaps, photos, recorded conversations, physical surveillance, controlled purchases, drug and cash seizures, as well as numerous confidential sources. Gil is tied to the movement of over 100 kilograms of cocaine per month since 2001. The geographic area of the conspiracy extends from Mexico to Texas (Laredo, Houston, Dallas), Tennessee, and New York.

6. An estimated $4.5 million in cash was seized at locations tied to Gil and his wife. His assets exceed what one would expect from someone with his reported employment history, and he was not forthcoming with pre-trial services in reporting all of his assets. He has substantial family ties in Mexico through his wife's family.

7. Defendant has not rebutted the statutory presumption that he is a flight risk and a danger to the community.

8. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on June 17, 2008.

Stephen Wm Smith
United States Magistrate Judge